[L. A. No. 1283.   Department One.—January 23, 1903.]

,CLARA MAY HEINTZ et al., Appellants, v. REUBEN HOOVER et al., Respondents.

TRUST DEED—DISPOSITION OF ESTATE—RIGHTS OF EXECUTOR—ACTION BY HEIRS.—A direction in a deed of trust that the trustee shall upon the decease of the trustor ''turn said estate over to the heirs,

executors, or administrators of said trustor, as the same may in and by law be proper and provided,'' is modified as to the three classes named by the last clause of the direction. Where the trustee is also made the executor of the will of the trustor, the law provides that the estate shall be turned over to the executor, and the heirs of the trustor cannot maintain an action for an accounting against the trustee, and to secure his removal and the appointment of another trustee in his stead.

APPEAL from a judgment of the Superior Court of Los Angeles County. D. K. Trask, Judge.

The facts are stated in the opinion.

Will A. Strong, for Appellants.

The trustee took only a life estate (Civ. Code, secs. 864, 865, 866, 871; 27 Am. & Eng. Ency. of Law, p. 107, and cases cited), and the heirs took the estate in remainder by the execution of the deed. (Civ. Code, sec. 694; *Whipple* v. *Fairchild,* 139 Mass. 262; *Putnam* v. *Story,* 132 Mass. 205; *Weston* v. *Weston,* 105 Mass. 268; *Ackerman* v. *Gorton,* 67 N. Y. 63; *Greer* v. *Hewitt,* 97 Ill. 113;[1] *In re Oertle,* 34 Minn. 173;[2] *Manderson* v. *Lukens,* 23 Pa. St. 31;[3] *Scofield* v. *Olcott,* 120 Ill. 362; *Blanchard* v. *Blanchard,* 1 Allen, 223; *Brown* v. *Lawrence,* 3 Cush. 390; *Wolford* v. *Morgenthal,* 91 Pa. St. 30.; *McNish* v. *Guerard,* 4 Strob. 66; *Gilman* v. *Reddington,* 24 N. Y. 9; *McArthur* v. *Scott,* 113 U. S. 340, 380.)

Curtis D. Wilbur, for Respondents.

The remainder did not vest in the heirs by operation of law, it being disposed of by will. (Civ. Code, sec. 866.) Under the terms of the deed of trust, properly construed, the property is rightfully in the custody of the executor appointed by the will of the trustor.

COOPER, C.—The court below sustained a demurrer to the amended complaint, and plaintiffs declining further to amend, judgment was entered for defendant Hoover. This appeal is from the judgment on the judgment-roll, and presents the sole question as to whether or not the complaint states facts sufficient to constitute a cause of action.

---

[1] 37 Am. Rep. 102.          [3] 62 Am. Dec. 312.
[2] 57 Am. Rep. 48.

It appears from the complaint that in December, 1895, one Eliza E. Armstrong made and delivered to defendant Hoover a deed of trust of certain real and personal property therein described, to hold as trustee, and receive the income, rents, and profits therefrom, and after paying the expenses of repairs, taxes, insurance, and other charges, to apply the net income to the care and support of the said Eliza E. Armstrong during her natural life. The trustee, Hoover, accepted the trust and devoted the income of the property to the support of the said grantor during her life and until her death, in December, 1899. No question is raised as to the due execution of the trust during the lifetime of the grantor.

The deed, after providing for the support and maintenance of the deceased during her lifetime, contained the following clause: "And upon the decease of the said trustor, to turn said estate over to the heirs, executors, or administrators of said trustor, as the same may in and by law be proper and provided."

The defendant Hoover is the executor of the will of deceased, and holds and claims the property as such executor.

The action is brought by plaintiffs as heirs of deceased, and the prayer of the complaint is, that an account be taken and Hoover removed as trustee under the said deed, and another appointed in his stead.

The question to be determined is the construction of the clause herein quoted from the deed. It is claimed by appellants that by the deed the remainder was cast in appellants, to take effect in possession on the termination of the trust. We do not think such was the intention of the deceased, nor the effect of the language used. The intention was that the trustee, on the termination of the trust, should turn the property over—that is, deliver possession of it—to the heirs, executors, or administrators "as the same may in and by law be proper and provided." The deceased made a will and appointed an executor. The defendant Hoover, as such executor, has the right to the property pending administration, or until it is distributed under the will. Deceased, when she made the will, did not believe that she had already disposed of the property. She did not think when she directed her trustee, upon her death, to turn it over to certain parties as may in law be proper, that she had absolutely fixed the parties in

whom the title and possession should vest upon her death. If the grantor had desired to convey an absolute remainder in the property to certain persons, she could have said so. The direction to "turn it over" to her heirs, executors, or administrators shows that she intended, upon her death, that the trust should terminate. If it was the intention by the deed to convey the title in the remainder, the grantor certainly failed to do so. Plaintiffs claim that it was to be turned over to the heirs, but the language is "to the heirs, executors, or administrators." To either of the three classes would seem to satisfy the first part of the clause, but the clause "as the same may in and by law be provided" further modifies the direction. The law provides that the estate shall be turned over to the executor when a will is left by deceased and an executor appointed.

It follows that the judgment should be affirmed.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed. Van Dyke, J., Angellotti, J., Shaw, J.